\*WILLIAM HORNE v. THE STATE OF NORTH CAROLINA.

*Claim against the State—Jurisdiction.*

The jurisdiction of the supreme court to hear a claim against the state based upon the non-payment of interest alleged to be due on a bond issued under an act of 1869, has been taken away by an amendment of the constitution in pursuance of chapter 268 of the acts of 1879. And such deprivation of jurisdiction after suit brought is not inhibited by the federal constitution as impairing the obligation of contracts.

CLAIM against the State heard at January Term, 1881, of THE SUPREME COURT.

*Mr. W. P. Batchelor,* for the plaintiff.
*Attorney General,* for the state.

ASHE, J. This is an action brought by the plaintiff against the state, under article four, section nine, of the constitution, which provides that "the supreme court shall have original jurisdiction to hear claims against the state, but its decisions shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the general assembly for its action."

The action is to obtain the recommendatory decision of this court upon his claims, which have accrued by way of interest on a certain bond for one thousand dollars issued under and by virtue of an act of the legislature ratified on the 3rd day of February, 1869, and entitled "an act to amend the charter of the Western Railroad Company," which bond has coupons for interest attached at the rate of six per cent. per annum, payable on the first of April and

---

\*Ruffin, J., was associate counsel for the state and did not sit on the hearing of this case.

the first of October in each year. And it is for the non-payment of the coupons falling due from the first of April, 1870, to the first of October, 1879, inclusive, that the plaintiff complains.

At the June term, 1880, of this court the attorney general filed a demurrer to the complaint for a defect in not stating facts sufficient to constitute a cause of action, the grounds of which are set forth in the plea. The cause was continued by consent from June term, 1880, to January term, 1881. In the meantime in pursuance of an act of the legislature, ratified the 14th day of March, 1879, entitled an act to alter the constitution of North Carolina concerning the debt of the state," an amendment of the constitution was submitted to the qualified voters of the state at the general election held in the state on the second day of November, 1880, and was adopted by a large majority of the voters, to wit, one hundred and eleven thousand nine hundred and thirty votes, so that said amendment is now a part of the constitution of the state. The amendment is to section six, article one, of the constitution by adding at the end thereof the following: " nor shall the general assembly assume or pay or authorize the collection of any tax to pay, either directly or indirectly, expressed or implied, any debt or bond incurred or issued, by authority of the convention of the year 1868, nor shall any debt or bond incurred or issued by the legislature of the year 1868, either at the special session of the year 1868, or at its regular sessions of the years 1868–'69, and 1869–'70, except the bonds issued to fund the interest on the old debts of the state, unless the proposing to pay the same shall have first been submitted to the people, and by them ratified by the vote of a majority of all the qualified voters of the state at a regular election held for that purpose."

The claim set forth in the plaintiff's complaint upon which recommendatory judgment of this court is demanded

is, for coupons attached to one of the bonds especially pro-
scribed in this amendment of the constitution. The attor-
ney general in behalf of the state, in view of this prohibi-
tion of the payment of this bond contained in the said
amendment, moves at this term of the court to dismiss the
action on the ground that the jurisdiction of the court has
been taken away, over the subject of the action, and this is
the question for our consideration.

There has been a prevalent opinion in this state and one
entertained by gentlemen of the highest eminence in the
legal profession, that the legislature of 1868–'9 transcended
its limited powers, under the constitution, in creating the
class of bonds to which the one in question belongs, and
that they are therefore illegal. Whether this opinion is
well founded or not it is not for us to say, as we believe this
court is precluded by the said amendment of the constitu-
tution from going into that inquiry. When the framers of
the constitution invested the supreme court with the origi-
nal jurisdiction of hearing claims against the state, we are
of the opinion that that provision in the constitution had
reference exclusively to those claims against the state which
the legislature in the exercise of its functions under the
constitution were authorized to pay by appropriate legisla-
tion, but was never intended to embrace a case involving
the necessity of submitting the question to the people,
whether the claim should be paid. We take the distinction
to be this, that when the legislature may by act or resolu-
tion direct the treasurer of the state to pay a claim against
the state, there, the supreme court has jurisdiction; but
when the legislature is prohibited by the constitution from
the exercise of such power, and can only order the payment,
after obtaining the assent of the people by a popular vote,
then it does not have jurisdiction, for it was never intended
that the supreme court should have the power or authority of
advising the legislature as to the subjects of its legislation

or of recommending to them the duty of passing a law ask-
ing the people to clothe them with a power which is denied
them by the constitution. It would be an act of supererо-
gation, an act obnoxious to the charge of presumption, for
this court in the face of the unmistakable will of the people,
declared in the organic law of the land, to recommend to
the legislature the payment of this claim. Can we advise
the legislature to pay it, when the constitution declares they
shall not pay it?

So far as concerns the objection that the amendment can-
not apply to this case, for the reason it was adopted after
the commencement of the action, the question is settled by
the supreme court of the United States in the cases of *R. R.
Co.* v. *Tennessee,* 11 Otto, and *R. R. Co.* v. *Alabama, Ibid.,*
832. The latter case was on "all fours" with this. There
the legislature of the state had passed a statute giving juris-
diction to certain courts of the state to hear and determine
claims against the state under the same rules as in suits
against individuals, and provided that if judgment be ren-
dered against the state, it should be the duty of the comp-
troller, on the certificate of the clerk of the court together
with that of the judge who tried the cause that the recovery
was just, to issue his warrant for the amount, &c. Subse-
quently this act was repealed, but before its repeal and
while the first act was in force, an action was brought by a
railroad company against the state. The action was dis-
missed by the supreme court of Alabama, and its judgment
approved by the supreme court of the United States, upon
the ground that the repealing act was not in violation of
the provision of the constitution of the United States for-
bidding the passage of laws impairing the obligation of
contracts.

We are of the opinion the jurisdiction of this court over
the subject of this action has been taken away by the adop-
tion of the amendment to the constitution, and that any

recommendation we might make would be extra judicial. The action must therefore be dismissed.

PER CURIAM.                                    Dismissed.